NOT DESIGNATED FOR PUBLICATION

No. 112,286

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DEANDRE R. PARKER,
*Appellant*.


MEMORANDUM OPINION


Appeal from Sedgwick District Court; STEPHEN J. TERNES, judge. Opinion filed October 30, 2015. Affirmed.


*Kristen B. Patty*, of Wichita, for appellant.


*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before MALONE, C.J., GREEN and POWELL, JJ.


POWELL, J.:  Deandre R. Parker appeals his conviction of unlawful possession of marijuana, arguing that the district court abused its discretion when striking a potential juror from the jury pool for cause. Because we find there is sufficient evidence in the record to support the district court's finding that the particular juror in question could not be fair and impartial, we affirm.


Parker was charged with one count of possession of marijuana. During jury selection, the prosecutor asked if anyone had a problem with the fact that possession of

1

marijuana in the state of Kansas was illegal. Several potential jurors raised their hands, including D.M. During D.M.'s interaction with both the prosecutor and the defense attorney, he expressed strong views on the topic. He stated:

> "I don't think we should throw so many people in prison over nonviolent—and farmers have lost their farms and there's a product that could be put out. I also have a problem with how much young kids on pot won't g[e]t on with their life and go forward. So I'm split in middle of that."

After other potential jurors were questioned, D.M. asked, "[I]f [Parker] was in possession of marijuana but nonviolent or anything, how is that law actually broken?" D.M. then indicated that he saw both the benefit and the harm in legalizing marijuana. When the prosecutor asked D.M. if he would be able to follow the oath he would take as a juror to uphold the law as it existed, D.M. said, "I don't know if I could feel comfortable putting somebody in jail for something so trivial. . . . [A]lcohol and cigarettes are so much worse . . . . I don't know if I can send somebody to jail for this." D.M. further stated:

> "[W]hat you're asking me to do . . . if I was on the jury and I made the decision on a criminal of violence, I'd be looking at evidence and the person and probably get 100 percent of an understanding of what's really going on. But this I have leniency. I'd be looking for something that is a shadow of a doubt. To me, that would be maybe a little prejudiced."

The prosecutor requested the court strike D.M. for cause. During defense counsel's questioning, D.M. stated he understood that

> "citizens . . . must go by the law of what we have standing. It's just that I don't know if I can stand for someone doing a year over marijuana or something like that. . . . I would look a lot harder at the evidence to make sure beyond a shadow of a doubt I believed that's what was going on. So it would be . . . pretty hard to convince me for sure . . . that [Parker's] guilty of possession of marijuana."

2

D.M. then clarified that "beyond a shadow of a doubt" meant he'd "have to be 100 percent sure of what's going on."

Defense counsel asked if D.M. could look at the evidence and be fair, and D.M. responded, "That's right." When asked, "[C]an you be fair and . . . if the judge instructs [you] that this is the standard and burden of proof, then that's what [you're] going to do," D.M. replied, "Yes."

After this questioning, and over defense counsel's objection, the district court struck D.M. for cause. Parker was subsequently convicted, and the district court sentenced him to 36 months' imprisonment but with a dispositional departure to probation.

Parker timely appeals.

Parker argues that his right to a fair and impartial jury of his peers was denied by the striking of D.M. from the jury pool for cause, reasoning that the jury pool was unfairly tilted in favor of a conviction.

K.S.A. 22-3410(2)(i) provides that a juror may be challenged for cause if "[h]is state of mind with reference to the case or any of the parties is such that the court determines there is *doubt* that he can act impartially and without prejudice to the substantial rights of any party." (Emphasis added.) Our Supreme Court has held

> "'that challenges for cause are matters left to the sound discretion of the trial court, which is in a better position to view the demeanor of prospective jurors during voir dire. A trial court's ruling on a challenge for cause will not be disturbed on appeal unless it is clearly erroneous or amounts to an abuse of discretion.' [Citations omitted.]" *State v. Carr*, 300 Kan. 1, 112, 331 P.3d 544 (2014), *cert. granted in part* 135 S. Ct. 1698 (2015).

3

A judicial action constitutes an abuse of discretion if the action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012).

Parker argues the district court abused its discretion because there was not substantial competent evidence to remove D.M. from the jury for cause. Accordingly, our task is to determine only "whether the district judge's decision is fairly supported by the record." *Carr*, 300 Kan. at 114. Even if the record contains conflicting information, "deference is owed to 'the trial court, aided as it undoubtedly was by its assessment of [the prospective juror's] demeanor.'" 300 Kan. at 114 (quoting *Wainwright v. Witt*, 469 U.S. 412, 434, 105 S. Ct. 844, 83 L. Ed. 2d 841 [1985]). The entire record must be considered when reviewing a trial court's decision on challenges for cause. See 300 Kan. at 114.

Here, the decision to remove D.M. for cause was not clearly erroneous nor was it an abuse of discretion. See *State v. Johnson*, 253 Kan. 75, 85, 853 P.2d 34 (1993) (striking of potential juror for cause not an abuse of discretion where juror made conflicting statements about ability to be impartial). D.M. made several contradictory statements throughout the voir dire process. Although D.M. stated in one word answers he would be able to fairly look at the evidence and apply the instructed burden of proof, he also made several statements questioning the illegality of marijuana. He also gave multiple statements as to his state of mind regarding the case, such as: (1) "I don't think we should throw so many people in prison over nonviolent [crimes]"; (2) "[I]f he was in possession of marijuana but nonviolent or anything, how is that law actually broken?"; (3) "I don't know if I could feel comfortable putting somebody in jail for something so trivial"; (4) "[A]lcohol and cigarettes are so much worse . . . . I don't know if I can send somebody to jail for this"; (5) with a crime such as this he would "be looking for something that is a shadow of a doubt. To me, that would be maybe a little prejudiced";

4

and (6) "[I]t would be . . . pretty hard to convince me for sure . . . that [Parker's] guilty of possession of marijuana."

When striking D.M. for cause the district judge stated:

> "I believe [D.M.] is one of those people who will try very, very hard to be impartial, like we want all jurors to do, but the substance of the answers to his questions—and a lot of questions were asked of [D.M.]—lead me to believe that he would not be able to fairly and impartially apply the law as he is required to do, and so he will be struck for cause."

It is clear the district judge took into account all of D.M.'s statements and responses but believed that, although D.M. would try his best to be impartial, he would not be able to fairly and impartially apply the law. The district judge was in the best position to view the demeanor of the potential juror and concluded that D.M. would not be able to serve impartially, and this view is supported by the record. Therefore, the district court did not abuse its discretion in removing D.M. for cause.

Affirmed.